JOHN ENSTICE ET AL., PLAINTIFFS IN ERROR, v. HENRY A. COURTRIGHT, DEFENDANT IN ERROR.

1. The admission of evidence objectionable only because it is or may be immaterial to the issue is at the discretion of the trial judge, which will not be reviewed.
2. Immaterial error in instructions to a jury will not avoid a verdict.

[*Argued March 3d,* 1898 ; *decided June 20th,* 1898.]

On error to the Supreme Court.

Henry A. Courtright sued the firm of Enstice Brothers for commissions. Issue was joined and the cause was tried at the Essex Circuit. At the trial Courtright testified that, in July, 1896, John Enstice, of and for said firm, made a verbal agreement with the witness, that if, through his introduction to the intending builder of certain houses in Weehawken, the firm should secure a contract to build any of such houses, he would pay the witness a commission of two and one-half per cent. on the contract price, and also said that he would either buy the lumber for the houses of the witness or pay him two and one-half per cent. on the purchase price of all not bought of him. It was admitted that Courtright did introduce Enstice to one Luxton, and that the firm did, through Luxton, secure a contract for building ten of such houses at the contract price of $23,500, and that the lumber for the houses, costing $2,729.89, was not bought from Courtright but from other dealers. Courtright testified to receiving from John

Enstice, on account of his commissions, $10 in cash on September 12th, $10 in cash on September 19th, $30 by a receipted bill for lumber on September 22d, and $25 in cash on October 12th, 1896. The other testimony for the plaintiff was purely collateral. John Enstice, the only witness called for the defence, testified that he made no agreement to pay commissions, and that he supposed that Courtright's only motive in forwarding the contract was the hope of selling lumber for the houses to the firm. As to the alleged payments, he testified that, on meeting the witness at the bank on a Saturday, Courtright asked him for $10 because short of funds, and that he "gave" that sum to Courtright, who wrote and handed him a receipt that he did not read; that on the next Saturday, under like circumstances, he "gave" Courtright $10 but took no receipt, and that two or three days later, to quote his language, Courtright "seemed to think we ought to give him some more money because we hadn't bought the lumber from him; and feeling that he should have something for taking us down to a contract of that kind, we told him then—I told him—that we would give him the $30 for the lumber he had sold and hadn't paid for, and the other $20 we had given previously, and settle it up. He sat down and wrote out a receipt for another transaction, and made out a statement underneath for his account for Weehawken and receipted it, and I placed it on file and it was settled as far as I knew." The alleged payment of October 12th, 1896, the witness denied.

The receipts mentioned were offered in evidence, and are as follows:

"September 12, 1896, received of Enstice Brothers, on account of commission on Luxton houses, $10.

"H. A. COURTRIGHT."

"Received of Enstice Brothers, commissions on Luxton houses, Weehawken, for lumber, $30; September 12, to cash, $10; September 19, to cash, $10 ................. $50

"H. A. COURTRIGHT."

The trial judge submitted the case to the jury and commented on the evidence with particular reference to these receipts and the inferences favorable to the respective parties that might fairly be drawn therefrom. He directed the allowance of interest on any recovery from October 12th, 1896, to the time of the trial. Exceptions were sealed on the admission of evidence and on the instructions to the jury. Verdict was given September 24th, 1896, for $541.72 in favor of the plaintiff. The present writ of error removes the judgment on that verdict.

For the plaintiffs in error, *Robert H. McCarter.*

For the defendant in error, *Joseph A. Beecher.*

The opinion of the court was delivered by

COLLINS, J. . The first assignment of error is of insufficiency of the declaration. There seems no ground for this assignment, and it was not presented in brief or argument.

The second assignment complains of certain alleged illegal evidence, but no ground of objection appears in the bill of exception and the assignment was not pursued in this court. I see no illegality in such evidence.

The third and fourth assignments challenge the legality of proof admitted of the usual charge for commissions in cases like that before the court. The plaintiff had testified to an express contract as to rate, and such proof, therefore, strictly speaking, was irrelevant and the judge so declared. Exercising his discretion, however, he admitted it, by way of privilege, in anticipation of the possibility of the defendants' proving that there was no express contract as to rate. When it came to their case the defendants denied any contract whatever, and the judge, in his charge, correctly dealt with the subject. There was no dispute as to rate and no recovery was sought or permitted as on a *quantum meruit;* therefore, the testimony could not have harmed the defendants; but under no circumstances would its admission have been rever-

sible error.   The exclusion of testimony because irrelevant is
at discretion.   A leading case on the subject in this court is
*Schenck* v. *Griffin*, 9 *Vroom* 462.   There, testimony of usage
was excluded because both parties claimed under an express
contract.   On error it was contended that the evidence was
competent to give probability to the testimony of the plaint-
iff in error on the subject of the contract.   Mr. Justice
Depue, speaking for this court, used this language: " In
almost every case of controverted facts an infinite variety of
extraneous circumstances may be suggested which may bear
remotely upon the issues involved or upon the credibility of
witnesses.   The admission of the proof of such circumstances
must be left to the discretion of the judge, otherwise the jury
might be confused by the multitude of collateral issues tend-
ing to a miscarriage of the cause and the trial be expanded
to an unreasonable extent.   On error such evidence must be
regarded—as it is—as immaterial to the issue, and therefore
its rejection or admission is no ground for reversal."   We
approve this language and apply it now in a case of admis-
sion as it was there applied in a case of rejection of evidence.

The fifth and last assignment furnished the stress of the
argument.   The grievance presented is that the judge put
the case to the jury as if the plaintiff claimed under two
separate agreements, one to pay commission on the contract
price of the houses and the other to pay a percentage on the
purchase price of the lumber used in the houses and not
bought from the plaintiff, and that in discussing the first
only of these two supposed agreements did the judge call
attention to the evidential force of the receipts proved in the
cause.   The contention is that a single agreement was claimed
and that, but for the judge's mode of treating the case, the
jury might have found that such agreement extended only to
commissions on lumber, thus greatly reducing the amount of
the verdict.   It is argued that the receipts may fairly apply
to an agreement to pay commission on lumber used in the
Luxton houses, and do not necessarily apply to an agreement
to pay commission on the contract price of the houses.

The judge did not submit two possible agreements. He discussed separately the two "claims," as he called them, that branched from a single agreement. These were naturally distinct. That for commission on lumber was really supplemental to the other and perhaps not obligatory. A calculation will show that the jury disallowed it. There was no exclusive appropriation by the judge of the word "commission" to the first of these claims. He generally referred to the second claim in the language used by the plaintiff in his testimony, but when he himself characterized the claim he called it a claim for commission. Nor did the judge in any way limit the receipts. To have again rehearsed when discussing the second claim, as he had carefully done when discussing the first claim, the inferences deducible from the receipts would have been needless repetition. The judge very properly treated the second claim, if valid at all, as a mere adjunct of the first.

I fail to find any error in the charge, but if there was error in the respect indicated it was immaterial and harmless unless there was warrant in the evidence for the jury's finding that the parties made an agreement extending only to commission on lumber. It would not help the defendants to interpret the receipts as applicable to an agreement to pay commissions both on contract price and on lumber. If we strain language so as to make them applicable to a supposed agreement to pay commission on lumber, and only on lumber, we must still find in the evidence proof of the existence of such an agreement before we can admit the possibility of injury to the defendants by the judge's charge. This difficulty is perceived by the able counsel of the defendants, who tries to meet it by the assertion that such an agreement did once exist and was admitted by the defendants. In his brief he says: "The disputed facts between the parties are simple and plain. Courtright claims the agreement for the dual commissions, both on the contract and on the lumber. Enstice, while denying that the former was ever made or suggested, admits a preliminary agreement to pay a commission of two

and one-half per cent. on all lumber used that was not bought of Courtright;" and he complains that the judge confines the receipts "entirely to the contract feature, with the result that the defendants were, by that course, forced into the position with the jury of having given two receipts on account of this alleged commission on the contract, although they strenuously denied ever having made any such contract; whereas, if the court had permitted the jury to view these receipts as applicable to either feature of the alleged contract, then it would have been possible for them to have accepted the defendants' view that the only contract which was made was that in reference to the commission on lumber, a contract which the defendants admitted, as we have seen." No citation of the admission is given, and it must have been made out of court, for a diligent search of the entire testimony, returned with the bills of exceptions, reveals only the same strenuous denial of any agreement, preliminary or otherwise, to pay commission on lumber, that was made of any agreement to pay commission on the contract price of the houses. Nowhere in the evidence on either side was there warrant for a finding that there was ever such an agreement as we are asked to presume.

It is well settled in this state that harmless and immaterial error in a charge affords no ground for reversal. *Freeman* v. *Headley*, 4 *Vroom* 523, 540, and cases there cited.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, COLLINS, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH.    14.

*For reversal*—None.